## In re BARON BEER DISTRIBUTORS, Inc.
### No. 38416.

District Court, E. D. New York.
Jan. 28, 1942.

Louis P. Rosenberg, of Brooklyn, N. Y., for trustee.

Leon E. Borden, of Jamaica, N. Y., for bankrupt.

BYERS, District Judge.

The trustee moves to dismiss the petition of John A. Morris, the principal if not the only stockholder, the manager and the president of the above-named bankrupt, for review of the order of the Referee directing the bankrupt and the said Morris to turn over to the trustee $1,602.20 cash and merchandise of the stated value of $1,652.81.

The order of the Referee bears date November 27, 1941, and his certificate December 31, 1941; and this motion, having been noticed for the 16th of January, 1942, came on to be heard on January 23rd.

A reading of the proceedings before the Referee discloses that the issues are solely of fact, and I have been able to discover nothing to indicate that his conclusions are clearly erroneous.

The bankrupt corporation was a wholesale distributor of beer, and apparently an involuntary petition in bankruptcy was filed around January 30, 1940.

On or about January 17, 1940, a City Marshal took possession of the premises where the business was conducted, and immediately there seems to have been a sale conducted by him, as an incident to a levy of execution of a judgment, which on the argument was stated to have been on confession; the judgment was in favor of the City Brewing Company, and three or

more trucks were sold to the judgment-creditor, and there is testimony to the effect that beer in kegs and bottles was loaded into the trucks, but to what extent is not shown.

A representative of the City Brewing Company testified that there was no such property taken.

The interesting feature of the situation is that the bankrupt's attorney was present, according to the testimony, at the time the sale was held, if there was in fact a sale, and the testimony further suggests that he was then advising the bankrupt and Mr. Morris, and apparently has continued so to do until the present time.

In a few days, there was a general assignment for the benefit of creditors, which was followed at once by the bankruptcy proceedings.

The testimony adduced before the Referee on behalf of the bankrupt is deficient in persuasive qualities, because it consists almost exclusively of answers put into the mouths of witnesses by the bankrupt's attorney, containing a full recital of the facts as he sought to establish them. That ought not to have been necessary, because the taking of testimony began on November 14, 1940, and the witnesses called on behalf of the bankrupt ought to have had such a clear understanding and memory of the facts that the constant leading by the attorney ought to have been unnecessary.

The showing for the bankrupt and its president started under this initial handicap: There was a credit statement issued by it to Dun & Bradstreet under date of June 30, 1939, in which a merchandise inventory of $12,343.71 was claimed, while the books reflected an actual inventory of precisely $4,000 less than that; namely, $8,343.71.

A discrepancy of that character could scarcely be expected to initiate the inquiry under auspices favorable to the bankrupt.

It is not proposed herein to recount the evidence or to cover the ground already sufficiently stated by the Referee in his memorandum decision of November 10, 1941, or in his certificate reciting the facts. The only item which has caused any misgiving is the inventory stated in the memorandum decision at $1,000 called "closing inventory", and the apparent failure to compute that in final figures as the basis for a turn-over.

Apparently the Referee started out with the intention of making that allowance, as the second paragraph of his memorandum of November 10th discloses; but, for reasons stated in his certificate more clearly than in the said memorandum, he abandoned that purpose because the somewhat meager books disclosed that during the month of January, 1940, there were sales of $6,317.48 which were not accounted for, and were claimed by Morris to have been used in part for the purpose of buying merchandise for cash during that period.

It seems clear that the said receipts ought to have been accounted for and, since they were not, the bankrupt could not also be credited with $1,000 worth of merchandise, said to be on hand, purchased in part with the proceeds of these January, 1940, sales.

It is a difficult task at best to reconstruct actual conditions where the bankrupt itself has not found it convenient to maintain complete and accurate records for the information of a bankruptcy court.

The explanation that the cash receipts could not be banked because the demands of creditors were too insistent to permit of doing so is not convincing. A bank account was maintained, and the failure to deposit receipts in that account and pay bills by checks drawn against it was consistent with the purpose of suppressing the truth; and under these circumstances, this court is not prepared to say that it could do a better job than the Referee has done, in taking and stating a basis for the turn-over order.

The trustee's motion to dismiss the petition for review will be granted.

Settle order.